# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY EARL DOWNS,

    *Petitioner*,

vs.

LEONARD VARÉ, *et al.*,

    *Respondents*.

03:05-CV-00483-LRH-VPC

ORDER

    This habeas matter comes before the Court for initial review under Rule 4 of the Rules Governing Proceedings under Section 2254. Petitioner has submitted the required filing fee and the petition has been filed. Following upon said review, and pursuant to *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001), the Court *sua sponte* raises the question of whether the petition is time-barred for failure to seek federal habeas relief within the one year limitations period established in 28 U.S.C. § 2244(d)(1).

    The petition reflects that petitioner's direct appeal was decided on August 10, 2001. Under 28 U.S.C. § 2244(d)(1)(A), the limitations period began running on the day after the time expired for seeking certiorari in the United States Supreme Court, *i.e.,* starting on or about November 9, 2001. Accordingly, unless otherwise tolled, the one year period for bringing a federal habeas action would expire one year later on or about November 9, 2002.

1       The limitations period may be tolled under Section 2244(d)(2) during the pendency of a properly
2 filed application for state post-conviction relief. Petitioner alleges that he filed a petition for state post-
3 conviction relief on November 8, 2002, after approximately 364 days of the one year limitations period
4 had run, leaving only one additional day before the federal limitations period would expire. Petitioner
5 alleges that the appeal from the denial of his state post-conviction petition was decided on September
6 29, 2004, and that he mailed the present federal petition for filing on August 19, 2005. Even allowing
7 an additional 25 days for the issuance of the remittitur from the Supreme Court of Nevada after its
8 decision, it is clear that the one additional day remaining in the federal limitations period expired long
9 before petitioner mailed the federal petition for filing. Thus, on its face, the petition is subject to
10 dismissal as time-barred under Section 2244(d)(1).

11       In this regard, petitioner is informed that the one year limitations period may be equitably tolled
12 if extraordinary circumstances beyond the petitioner's control made it impossible to file a petition on
13 time. *E.g., Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). However, to establish equitable
14 tolling, petitioner must show that objective external forces rather than his own lack of diligence caused
15 the failure to file timely. *See id.* Petitioner further is informed that the one year limitations period may
16 begin running on a date later than the expiration of the time for seeking certiorari review under certain
17 circumstances. *See* 28 U.S.C. § 2244(d)(1)(B), (C) & (D).

18       IT THEREFORE IS ORDERED that, within thirty (30) days of entry of this order, petitioner
19 shall SHOW CAUSE in writing why the petition should not be dismissed as untimely under the one
20 year limitations period in 28 U.S.C. § 2244(d)(1). If petitioner does not timely respond to this order or
21 if petitioner does not assert facts sufficient to prevent the statute of limitations from running against
22 him, the petition will be dismissed with prejudice as untimely.

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  IT FURTHER IS ORDERED, as originally directed in the petition form, that petitioner shall
2  attach a copy of all state court written decisions regarding his conviction, including any remittiturs from
3  the Supreme Court of Nevada, along with his show cause response.
4  DATED this 3rd day of January, 2006.

_____
LARRY R. HICKS
United States District Judge