# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY EARL DOWNS,

    *Petitioner*,

vs.

LENARD VARÉ, *et al.,*

    *Respondents*.

3:05-cv-00483-PMP-VPC

ORDER

In this habeas action under 28 U.S.C. § 2254, this order will supercede the Court's prior order (#67). This matter is before the Court on the Petitioner's motion (#63) for enlargement of time to file a motion for a certificate of appealability and his motion (#64) to amend or make additional findings of fact, as well as for consideration of possible issuance of a certificate of appealability following upon the petitioner's filing of a notice (#65) of interlocutory appeal. The Court will first address the motion for additional findings.

### *Motion (#64) to Amend or Make Additional Findings of Fact*

Petitioner moves pursuant to Rule 52(b) to amend or make additional findings of fact as to the Court's order (#62) denying Petitioner's motion (#55) to alter or amend judgment. Petitioner's reliance on Rule 52(b) is misplaced. Rule 52 pertains to findings of fact and conclusions of law issued after a bench trial. Rule 52 has nothing to do with an order denying a motion seeking reconsideration of an order on an earlier motion to dismiss. There is no requirement, under Rule 52 or otherwise, that a district court enter special findings of fact, conclusions of law, or detailed written reasons denying a motion seeking reconsideration.

However, out of an abundance of caution, and further subject to the provisions regarding waiver in this order, the Court will assign additional particularized reasons and will modify in part its earlier order (#54) granting in part and denying in part the Respondents' motion to dismiss on the basis of procedural default.

***Ground 1***

The Court held that federal Ground 1 was procedurally defaulted because Petitioner had presented a claim on direct appeal on the same factual basis and the state district court held on post-conviction review that he could not thereafter present a different legal ground arising on the same factual basis. A corollary to Nevada's law of the case doctrine precludes raising new legal grounds based on the same facts as a direct appeal claim. See #54, at 4-5.

Petitioner contends that the Court "mistakenly determined that the claim raised in federal Ground 1 was essentially a federalized version of a claim raised on direct appeal." He further maintains that the claim on direct appeal was based upon N.R.S. 178.562(2) rather than N.R.S. 178.562(1) as stated in the Court's order.

The Court described the relevant writ history on Ground 1 as follows:

> In federal Ground 1, Petitioner alleges that he was denied due process and equal protection in violation of the Fifth and Fourteenth Amendments when, in violation of a federal liberty interest allegedly created by N.R.S. 178.562(1), he was charged by indictment after the justice court dismissed a criminal complaint on the same charges after the State failed to subpoena its witnesses for the preliminary hearing.
>
> On direct appeal, Petitioner presented a state law claim that he was charged a second time in violation of, *inter alia*, N.R.S. 178.562(1). Petitioner relied exclusively on state law, and he did not present the federal claim presented in federal Ground 1 on direct appeal. #20, Ex. 24, at 13-19; Ex. 31, at 1-2.
>
> On state post-conviction review, petitioner presented a federalized claim corresponding to federal Ground 1. #20, Ex. 37, at 8.
>
> The state district court held that the claim was barred by the Nevada doctrine law of the case because a corresponding claim previously had been decided on direct appeal, such that the law of the case doctrine could not be avoided by a more detailed and precisely focused argument. #20, Ex. 39, at 3-4.

> On the post-conviction appeal, the Supreme Court of Nevada issued a reasoned decision that rejected a number of ineffective assistance of counsel claims asserted by Petitioner, including a claim that his counsel on direct appeal had been ineffective for failing to challenge the grand jury indictment based upon the dismissal of the earlier criminal complaint. #20, Ex. 44, at 2. The state high court's order, however, did not address any independent substantive claim corresponding to federal Ground 1 separate and apart from the ineffective assistance claim, either with regard to procedural default or otherwise.

#54, at 2-3.

Petitioner is incorrect when he states that the Court "mistakenly determined that the claim raised in federal Ground 1 was essentially a federalized version of a claim raised on direct appeal." What the Court instead stated was that the state post-conviction claim was a federalized claim corresponding to the federal post-conviction claim in Ground 1.

Petitioner is correct that N.R.S. 178.562(2) rather than N.R.S. 178.562(1) was cited in the appellant's brief on direct appeal. However, petitioner's underlying argument for reconsideration misses the mark. Petitioner urges that the claim presented on state post-conviction review was not barred under Nevada state law because he relied on different legal arguments and authorities on state post-conviction review than he did on direct appeal. The critical point, however, is that the varying legal theories were based on the same underlying factual basis as the claim on direct appeal – that petitioner allegedly was improperly charged by indictment after the justice court dismissed a criminal complaint on the same charges after the State failed to subpoena its witnesses for the preliminary hearing. Nevada state law bars a petitioner from urging new and different legal grounds on state post-conviction review when a claim based on the same factual basis was presented on direct appeal. Petitioner's continuing and repetitive arguments that his legal grounds were different on state post-conviction review beg the question. Nevada state law bars him from doing precisely that which he is claiming that he is doing – raising new and expanded legal arguments challenging the same action of the state district court that was challenged on direct appeal.

Petitioner further suggests that it is inconsistent for the Court to hold that Ground 1 is procedurally defaulted while not holding that Grounds 2 and 3 are procedurally defaulted. The

Court in fact held that Ground 2 was procedurally defaulted to the extent that it was based upon the same allegations as Ground 1. The Court held that Ground 2 was not procedurally defaulted to the extent that the claim alleged that petitioner was denied a right to a preliminary hearing within fifteen days. #54, at 6. If, as petitioner maintains, Ground 2 is not different from Ground 1, then both claims would be procedurally defaulted, not vice-versa. Ground 3 is not the same as Ground 1. Ground 3 alleged a denial of due process and equal protection based upon a failure of the state courts to follow the doctrine of *stare decisis* and follow controlling Nevada state law. Ground 3 was dismissed for lack of exhaustion, and the Court did not address any issue of procedural default as to Ground 3. See #42, at 3-4.

Petitioner additionally argues – for the first time in seeking reconsideration – that he can demonstrate that a failure to review Ground 1 would result in a fundamental miscarriage of justice. In this vein, he contends, first, that a fundamental miscarriage of justice would result because the alleged error in question deprived the state district court of jurisdiction. He contends, second, that a fundamental miscarriage of justice would result because he is actually innocent.

In order to avoid a procedural bar by showing a fundamental miscarriage of justice, the petitioner must make a showing of actual innocence. In order to satisfy this actual innocence gateway, a petitioner must come forward with new reliable evidence that was not presented at trial that, together with the evidence adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *See,e.g., Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Majoy*, 296 F.3d at 775-76; *see also Griffin v. Johnson*, 350 F.3d 956, 961-63 (9th Cir. 2003), *cert. denied*, 124 S.Ct. 2039 (2004. In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See,e.g., Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-19, 120 L.Ed.2d 269 (1992).

Petitioner's argument based upon an alleged jurisdictional defect fails to satisfy the foregoing standard. The argument further merely rehashes the jurisdictional argument that the Court previously rejected as a basis for avoiding the procedural default bar. #54, at 5.

1  Petitioner's actual innocence argument also fails to satisfy the requirements of the actual innocence gateway. His innocence argument simply reargues the trial evidence and the inferences to be drawn from the trial evidence. He presents no new evidence. See # 55, at 9. The argument fails to satisfy the requirements of *Schup v. Delo*.

Petitioner further argues – also for the first time in seeking reconsideration as to Ground 1 – that he can establish cause and prejudice based upon ineffective assistance of appellate counsel in failing to raise the expanded legal arguments in Ground 1 on direct appeal. Such an ineffective assistance claim was raised in state Ground 8.

Petitioner had two opportunities to brief the procedural default issue in this Court, first on the Respondents' original motion to dismiss and then again for a second time on their renewed motion to dismiss. Petitioner should not assume that issues and rulings in this matter will be continually reopened, reheard, and reargued to allow Petitioner to raise new arguments that could have been argued previously. Petitioner can default an argument by not raising the argument during the initial briefing on a motion. In this instance, out of an abundance of caution, the Court will modify its prior order. The Court will direct the Respondents to respond to Ground 1 so that the Court may determine whether Petitioner was denied effective assistance of appellate counsel due to counsel's failure to raise the expanded arguments in Ground 1 on direct appeal. The response shall include argument specifically addressing Petitioner's contentions, *inter alia*, that N.R.S. 178.562(1) barred further prosecution on the charges and that the statute created a liberty interest against further prosecution under federal law.

Petitioner's remaining arguments as to the procedural default of Ground 1 in his multiple serial filings simply reurge points that the Court considered and addressed at length in its prior order, beg the question, and/or are without merit.

The Court will defer final resolution of the procedural default issue as to Ground 1 until after the Respondents answer, for consideration only of whether Petitioner can demonstrate cause and prejudice based upon ineffective assistance of appellate counsel.

////

***Ground 7***

In federal Ground 7, Petitioner alleges that he was denied due process and equal protection in violation of the Fifth and Fourteenth Amendments due to prosecutorial misconduct when: (a) "[t]hroughout the trial, [the] prosecutor . . . was caught making facial gestures, rolling his eyes, and muttering under his breath during Petitioner's presentation of his defense;" and (b) the prosecutor allegedly suborned perjury.

This Court held that Ground 7(a) was procedurally defaulted under Nevada's contemporaneous objection rule. The Supreme Court of Nevada rejected the claim because petitioner failed to make a contemporaneous objection to the alleged instances of prosecutorial misconduct at the time of the alleged facial gestures, rolling of eyes and muttering. #20, Ex. 31, at 5-6.

Petitioner argues – once again for the first time in this Court in seeking reconsideration – that he could not raise a contemporaneous objection because the prosecutor engaged in the misconduct behind his back while petitioner was presenting evidence and questioning witnesses. He makes extensive factual allegations regarding the layout of the courtroom. He maintains that the prosecutor sat at a table in the courtroom that was not only out of his line of sight but additionally was out of the line of sight of the judge, the court reporter, the court clerk, and his standby counsel. He asserts that "out of sheer luck, standby counsel happened to catch" the prosecutor. Petitioner additionally points to his reliance in his state court post trial motions on additional reports by jurors after the trial that the prosecutor made gestures during the trial.

In the exercise of its discretion, the Court will not reopen proceedings on the motion to dismiss on these late-breaking arguments and factual allegations. Petitioner, again, had two opportunities to brief the motion to dismiss. The Court further notes that a person litigating a case, and petitioner elected to represent himself, necessarily must pay heed to the entire courtroom during a trial. Petitioner additionally had the assistance of standby counsel in this case. If the prosecutor truly was in a position where he could make gestures to the jury without being observed by any other participant at the trial, including the judge, that was a

matter that petitioner should have raised at trial, when the issue could be addressed. The contemporaneous objection rule puts the onus on the defense to both recognize and raise an issue when it can be addressed, particularly where, as here, the misconduct or error is alleged to have occurred in open court at trial.

Petitioner presents another new argument in his reply that the contemporaneous objection rule cannot be the basis of a procedural default due to the availability of plain error review under Nevada state law. He presents extended new factual argument seeking to establish that the prosecutor's alleged gestures prejudicially affected his substantial rights. #60, at 6-13. The potential availability of discretionary plain error review does not render a Nevada procedural bar inadequate in a noncapital case. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003)(distinguishing *McKenna*, which had relied upon the availability of plain error review in a capital case as rendering a procedural bar inadequate).

With regard to Ground 7(b), the claim of subornation of perjury, the state district court held that the claim was procedurally barred because it was not raised on direct appeal.

Petitioner maintained that this claim was raised on direct appeal – on which he was represented by counsel – in *pro se* memoranda that the Supreme Court of Nevada denied him leave to file. The Court stated in its prior order that "[r]ejected *pro se* memoranda on a represented appeal do not fairly present any issue for decision, as a criminal defendant has no constitutional right to present *pro se* arguments in addition to those presented by appellate counsel." #54, at 8. Petitioner challenges the Court's statement for lack of a supporting citation, but he then cites United States Supreme Court authority confirming that a criminal defendant does not have a right to self-representation on direct appeal. Petitioner urges that Nevada law creates such a right to self-representation on direct appeal in Nevada Rule of Appellate Procedure 46(b), which provides that "[w]ith leave of the Supreme Court, a party may file, in proper person, written briefs and papers submitted in accordance with these rules." The rule creates no such right to self-representation, as it does not create any right to file *pro se* papers on a represented direct appeal. *Pro se* papers may be filed on a represented appeal only with leave of court, which leave, as is exemplified by the present case, is not

granted automatically or as a matter of right by the Nevada Supreme Court. Presenting a claim through a procedure in which the merits of the claim will not be considered, or will be considered only in special circumstances, does not constitute fair presentation of the claim. *See,e.g., Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

Petitioner additionally argues – once again for the first time in seeking reconsideration as to Ground 7(b) – that he can establish cause and prejudice based upon ineffective assistance of appellate counsel in failing to raise the claim on direct appeal.

As discussed in the prior order with regard to Ground 11 – see #54, at 12 – a habeas petitioner may rely upon ineffective assistance of appellate counsel to establish cause and prejudice only if the ineffective assistance claim was fairly presented to the state courts. As the Supreme Court has emphasized, a petitioner must fairly present the ineffective assistance claim to the state courts for the claim to be available to serve as a potential basis for cause excusing a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000). Fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003). In the present case, in his state court petition, Petitioner alleged only as follows. In state Ground 8, he alleged only that "[a]ppellate counsel was ineffective for failure to raise on direct appeal the aforementioned appellate issues contained in Ground(s) One through Seven." And in state Ground 7, in pertinent part, Petitioner alleged only that "[t]he District Court erred in denying Petitioner's proper person [Motion for New Trial] . . . in which he alleged that . . . Prosecutor Phil Brown suborned perjury." #20, Ex. 37, at 14-15. The Supreme Court of Nevada held that Petitioner failed to support the claim with sufficient factual allegations demonstrating that his appellate counsel acted unreasonably or that he was prejudiced thereby. #20, Ex. 44, at 3-4.

A claim of ineffective assistance of appellate counsel for failure to raise a claim of error on direct appeal based upon the specific allegations presented in federal Ground 7(b) was not fairly presented to the state courts on state post-conviction review. Petitioner cannot rely upon

the conclusory claim presented to the state courts in the state post-conviction petition without supporting factual allegations to establish cause for the procedural default of this underlying substantive claim.  Ground 7(b) is barred by procedural default.

### *Grounds 11 and 12*

With regard to Grounds 11 and 12, Petitioner urges that he presented sufficient supporting allegations in his state post-conviction petition to fairly present a separate and independent claim of ineffective assistance of counsel to establish cause and prejudice.  The Court is not persuaded.  See #54, at 12-13 & 14.  Petitioner further suggests that the Court's ruling on Grounds 11 and 12 is inconsistent with its ruling on Ground 2.  He posits that the corresponding claim of ineffective assistance of appellate counsel claim as to Ground 2 also was rejected as a factually unsupported claim by the Supreme Court of Nevada.  This Court rejected the procedural default defense as to the remaining portion of Ground 2, however, on the ground that "[t]he state district court's rejection of this claim based upon law of the case . . . was not supported by the record and does not constitute an adequate state law ground for rejecting the claim." #54, at 6.  The Court therefore never reached any question as to cause and prejudice as to Ground 2, and the holding as to Grounds 11 and 12 is not inconsistent with the holding on Ground 2.  Petitioner's further assertion, once again for the first time in the reply as to these claims, of a conclusory argument based upon actual innocence is rejected for the reasons assigned above as to Ground 1.

The Court's prior ruling on these claims stands.

### *Matters Concerning a Possible Certificate of Appealability (COA)*

Petitioner's motion (#63) for enlargement of time to file a motion for a certificate of appealability (COA) will be denied.  The motion is unnecessary because there is no time requirement for a COA application as opposed to a notice of appeal, which has been filed herein.  The Court further will not delay proceedings herein on what is a futile appeal.

Turning to consideration of possible issuance of a certificate of appealability (COA), Petitioner seeks to pursue an interlocutory appeal of the Court's order (#54) dismissing Grounds 1, 7, 11, and 12 on the basis of procedural default.

With deference to the final authority of the Court of Appeals in determining its own jurisdiction, it does not appear that there is appellate jurisdiction via a notice of appeal at this juncture. Under paragraphs (a) and (b) of Rule 54 of the Federal Rules of Civil Procedure, an order that does not adjudicate all pending claims in an action does not constitute a final judgment from which an appeal lies, unless the district court makes an express determination in the order that there is no just reason for delay and expressly directs entry of judgment. This Court made no such determination in #54, and the Court did not direct entry of judgment. The prior order (#54) therefore does not constitute a final judgment from which an appeal lies, and there further is no viable jurisdictional basis for an interlocutory appeal in this matter. The situation presented is a "garden variety" situation of nonappealability where the district court has dismissed some, but not all, of the claims presented. *See,e.g., Frank Briscoe Co., Inc. v. Morrison-Knudsen, Co., Inc.*, 776 F.2d 1414, 1415-16 (9th Cir. 1985).

This court accordingly will deny a COA without reaching consideration of the criteria otherwise applicable to a request for a COA under *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), which pertain to an appeal after a final and appealable judgment has been entered.

### *Remaining Matters*

This nearly three-year-old case will move forward to a prompt resolution.

Accordingly, as to all remaining motions or proceedings in this case, and pursuant to Local Rule LR 7-2, the parties are informed that the failure to present an argument on a claim in the initial opposition memorandum to a motion, or in the reply to an answer when filed, shall constitute a waiver of the omitted argument as to that claim. The Court hereafter will not entertain any new arguments presented for the first time as to a claim in a subsequent reply memorandum, motion for reconsideration, motion for findings, or any other paper filed after the initial opposition memorandum or reply to an answer.

Further, given that the present order expands the scope of the answer as to one claim, the Court will extend the Respondents' time to answer to April 11, 2008. A request for further extension of time will be considered but is not encouraged.

1  IT THEREFORE IS ORDERED that the Court's prior order (#67) is VACATED, such that this order shall supercede the prior order.

IT FURTHER IS ORDERED that Petitioner's motion (#64) to amend or make additional findings of fact is GRANTED IN PART and DENIED IN PART to the extent consistent with the remaining provisions of this order, that the Court's prior order (#54) is MODIFIED IN PART to vacate the dismissal of Ground 1 at this juncture, and that the Respondents additionally shall respond in the answer to Ground 1 so that the Court may determine whether Petitioner was denied effective assistance of appellate counsel due to counsel's failure to raise the arguments in Ground 1on direct appeal.

IT FURTHER IS ORDERED that the response as to Ground 1 shall include argument specifically addressing Petitioner's contentions, *inter alia*, that N.R.S. 178.562(1) barred further prosecution on the charges and that the statute created a liberty interest against further prosecution under federal law.  The Court will defer final resolution of the procedural default issue as to Ground 1 until after the Respondents' answer, for consideration only of whether Petitioner can demonstrate cause and prejudice based upon ineffective assistance of appellate counsel.

IT FURTHER IS ORDERED that Petitioner's motion (#63) for enlargement of time to file a motion for a certificate of appealability is DENIED.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED as to the notice of appeal (#65) entered on February 27, 2008.

IT FURTHER IS ORDERED that the Clerk of the Court shall include in the docket entry for this order a clear designation that a certificate of appealability has been denied by this order.  The Clerk further shall send a supplemental transmittal to the Court of Appeals.

IT FURTHER IS ORDERED that the time for the Respondents to file an answer is extended up to and including April 11, 2008.

/ / / /
/ / / /
/ / / /

-11-

**Further extensions of the existing deadlines in this case will be considered in only the most extraordinary circumstances, and this case shall be treated as a priority over all later-filed cases.**

DATED:  March 21, 2008.

_____
PHILIP M. PRO
United States District Judge